**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

SEIFULLAH ALI,

   Plaintiff,

   v.

MARYLAND DIVISION OF
CORRECTIONS, *et al.*,

   Defendants.

Civil Action No.: ELH-22-2374

**MEMORANDUM**

Plaintiff Seifullah Ali, who is incarcerated at Dorsey Run Correctional Facility ("DRCF"), brought this civil rights action pursuant to 42 U.S.C. § 1983. Ali alleges that on August 24, 2022, he was briefly transferred to Maryland Correctional Institution—Jessup ("MCI-J") due to COVID-19 quarantine protocols. ECF 1 at 2. According to plaintiff, while he was at MCI-J, he was denied access to the telephone, his mail, personal items, commissary, visitation, and his medication. *Id.* at 3. Moreover, he claims that he suffered a seizure because he did not have his medication, and he was left "in a prison cell unconscious for two hours" before receiving medical assistance. *Id.* He names the Maryland Division of Corrections,[1] Robert L. Green, and Wayne Hill as defendants. *Id.* at 1.

For the reasons discussed below, plaintiff's Complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim. Ali will be provided with an opportunity to file an amended complaint to correct the deficiencies noted.

---

[1] The correct name is the Division of Correction, which is part of the Maryland Department of Public Safety & Correctional Services.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require this Court to conduct an initial screening of this Complaint and dismissal of any suit that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721 (2020).  Here, the Complaint is deficient because Ali has failed to state a claim or to name proper defendants.

Essential to sustaining an action under § 1983 are the presence of two elements.  Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Because defendant Maryland Division of Corrections is not a "person" subject to suit or liability under § 1983, all claims against it are subject to dismissal.

Ali also names as defendants Robert L. Green, Secretary of the Maryland Department of Public Safety & Correctional Services ("DPSCS"), and Wayne Hill, Deputy Director of Operations for DPSCS.  However, Ali's Complaint provides no details about how these defendants were involved in the conduct he alleges.  Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation.  Further, it is well established that the doctrine of respondeat superior does not apply in § 1983 claims.  *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983).

Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'"  *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir.

2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)).  Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.  *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Ali has not provided allegations that Green or Hill were personally involved in the incidents that took place, nor has he alleged facts indicating supervisory liability.  Accordingly, Ali's claims against these defendants cannot proceed.

As complaints drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys, a plaintiff who submits an inartfully pled complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants.  *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984).  Therefore, Ali shall be provided an opportunity to file an amended complaint within 28 days of the date of docketing of this Order.  In amending his Complaint, Ali should be mindful to name defendants who were personally involved in the constitutional violations he alleges, provide details regarding how each of the defendants were engaged in the complained of conduct, and detail what injury, if any, he suffered as a result.

To comply with the Federal Rules of Civil Procedure, the Complaint must contain, at a minimum, a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief, *see* Fed. R. Civ. Proc. 8(a), and also the names of each defendant.  *See* Fed. R.

Civ. Proc. 10(a).  Additionally, under Rule 8(a), a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct."  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

An amended complaint "ordinarily supersedes the original and renders it of no legal effect."  *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint)); *see Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021).  Therefore, the amended complaint required by this Order must include all of the allegations against each of the defendants, so that the amended complaint may stand alone as the sole complaint in this action, to which defendants must respond.

Additionally, an amended complaint must meet the requirements of this Order, or the amended complaint may be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Ali is further forewarned that his right to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed if, while he is incarcerated, he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim.  *See* 28 U.S.C. § 1915(g).

An Order follows.

Date:   September 27, 2022				         /s/
				Ellen L. Hollander
				United States District Judge