**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

SEIFULLAH ALI,

   Plaintiff,

   v.

MARYLAND DIVISION OF
CORRECTIONS, *et al.*,

   Defendants.

Civil Action No.: ELH-22-2374

**MEMORANDUM**

On September 27, 2022, this Court issued an Order directing the self-represented plaintiff, Seifullah Ali, who is incarcerated at Roxbury Correctional Institution ("RCI"), to file an amended complaint within 28 days. In his initial Complaint (ECF 1), Ali alleged that while at Maryland Correctional Institution—Jessup ("MCI-J") he was denied access to basic necessities, including his medication, which resulted in his suffering a seizure after which he was left "in a prison cell unconscious for two hours" before receiving medical assistance. ECF 1  On September 27, 2022, Ali was ordered to amend because, as pled, he had failed to state a claim or name proper defendants. ECF 5. To date, Ali has not filed an amended complaint as directed. He has, however, filed two additional motions, which this Court will now address.

The first motion asks that this "case to be consolidated with case No: 1:22-cv-02435-SAG and declared class action complaint." ECF 6. As to the request to be declared a class action, Federal Rule of Civil Procedure 23(a) delineates the prerequisites for a class action and provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

> **(1)** the class is so numerous that joinder of all members is impracticable;
> **(2)** there are questions of law or fact common to the class;
> **(3)** the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> **(4)** the representative parties will fairly and adequately protect the interests of the class.

Ali's Complaint does not sufficiently allege claims that require a class action. To the extent numerous other individuals have claims regarding the conditions during Covid-19 quarantines at MCI-J, those claims require proof from each litigant "of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir.1993). These claims are highly individualized, and without evidence that there is a policy in place that requires blanket denial of necessities while in quarantine, a class action is not the appropriate approach. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 361–62 (2011) ("Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant.") (emphasis in original). Further, as Ali is pro se, he is barred from instituting a class action whereby he would be representing others. *Myers v. Loudon County Public Schools*, 418 F.3d 395, 400 (4th Cir. 2005) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). As such, I shall deny Ali's request to have this case declared a class action.

Similarly, Ali's request to consolidate his case with case number SAG-22-2435 must also be denied. Both complaints make similar allegations about denials of basic necessities when the plaintiffs were temporarily moved from Dorsey Run to MCI-J during Covid-19 quarantines. But, Ali's Complaint goes much further. Ali makes a very specific and serious claim that he was denied his epilepsy medication when transferred, and as a result, he suffered a seizure and was left on the cell floor for two hours, without treatment. ECF 1 at 3. This makes Ali's claims markedly different

from the case with which he seeks consolidation. Also, the plaintiff in SAG-22-2435 did not join Ali's motion or file a motion for consolidation. Consolidation is discretionary under Rule 42 of the Federal Rules of Civil Procedure, and for the forgoing reasons, this Court declines to exercise that discretion. Ali's motion (ECF 6) shall be denied.

Finally, this Court will consider Ali's Motion to Amend. ECF 7. In this Motion, Ali explains that he was recently moved to RCI. *Id.* There, he states that he is kept in his cell over 23 hours a day. *Id*. He seeks to name the RCI Warden, Carlos Bivens, and "Assistant Warden Hull," as defendants. *Id.* This proposed amendment is wholly unrelated to Ali's original Complaint about conditions and treatment at MCI-J. It involves different facts, defendants, correctional institutions, and allegations. As such, the Court finds that the proposed amendment is not appropriate, and Ali's motion (ECF No. 7) is denied.

Ali is reminded, however, that he can file a separate action making these allegations if he so chooses. In doing so, Ali should be mindful to name defendants who were personally involved in the constitutional violations he alleges, provide details regarding how each defendant was engaged in the complained of conduct, and detail what injury, if any, he suffered as a result.

Moreover, Ali is reminded that he must comply with this Court's Order of September 27, 2022. ECF 5. For his convenience, I will direct the Clerk to provide another copy of it. I will also extend his due date to November 7, 2022.

An Order follows.

Date: October 17, 2022                                   /s/
                                                         Ellen L. Hollander
                                                         United States District Judge