# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SEIFULLAH ALI,

    Plaintiff,

    v.

MARYLAND DIVISION OF
CORRECTIONS, *et al*.,

    Defendants.

Civil Action No.:  ELH-22-2374

## MEMORANDUM

Plaintiff Seifullah Ali, who is incarcerated at Roxbury Correctional Institution ("RCI"), brought a civil rights action pursuant to 42 U.S.C. § 1983.  ECF 1.  He named as defendants the "Maryland Division of Corrections" ("DOC") as well as Robert L. Green and Wayne Hill.

By Memorandum and Order of September 27, 2022 (ECF 4, ECF 5), this Court granted Ali an opportunity to amend his Complaint to add additional factual support to his claims and to name proper defendants.[1]  Ali filed an Amended Complaint on October 25, 2022 (ECF 11), along with an exhibit.  However, his amended filing fails to cure the deficiencies originally noted.

For the reasons discussed below, Ali's Amended Complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to name a proper defendant.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require this Court to conduct an initial screening of this complaint and to dismiss a complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v.*

---

[1] To the extent relevant, I incorporate the content of ECF 4 in this Memorandum.

*Ortiz-Marquez,* ___ U.S. ___, 140 S.Ct. 1721 (2020).  Here, the Amended Complaint is deficient
because Ali has failed to explain how the actions or inactions of the named defendants caused him
harm.  In other words, he has failed to name a proper defendant.

Ali alleges, in essence, that the conditions of his confinement while housed at Maryland
Correctional Institution – Jessup ("MCI-J") violated his constitutional rights under the Eighth
Amendment. Generally, conditions which "deprive inmates of the minimal civilized measure of
life's necessities" may amount to cruel and unusual punishment.  *Rhodes v. Chapman*, 452 U.S.
337, 347 (1981).  However, conditions that are merely restrictive or even harsh "are part of the
penalty that criminal offenders pay for their offenses against society."  *Id*.

> In order to establish the imposition of cruel and unusual punishment, a prisoner
> must prove two elements - that "the deprivation of [a] basic human need was
> *objectively* sufficiently serious," and that "*subjectively* the officials acted with a
> sufficiently culpable state of mind."

*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis and alteration in original) (citation
and some internal quotation marks omitted).   "These requirements spring from the text of the
amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be
called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'"
*Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Wilson v. Seiter*, 501 U.S. 294, 298-300
(1991)).

Essential to sustaining an action under 42 U.S.C. § 1983 are the presence of two elements.
Specifically, the plaintiff must allege that: (1) he suffered a deprivation of "rights, privileges or
immunities secured by the Constitution and laws" of the United States; and (2) the act or omission
causing the deprivation was committed by a *person* acting under color of law.  *West v. Atkins*, 487
U.S. 42, 48 (1988) (emphasis added).

Ali's Amended Complaint names "Maryland Division of Corrections, et al" as the

2

defendant.  ECF 11 at 1.  But. as I stated in my Memorandum of September 27, 2022 (ECF 4 at 2), the DOC is not a "person" subject to suit under 42 U.S.C. § 1983.  Therefore, as to the DOC, the suit is subject to dismissal.

Recognizing that Ali proceeds pro se, the Court will also consider the individual defendants named in Ali's original Complaint, although it is not clear that he has named them again in the Amended Complaint.  In particular, Ali previously sued Robert L. Green, Maryland Secretary of the Department of Public Safety & Correctional Services ("DPSCS"), and Wayne Hill, Deputy Director of Operations for DPSCS.  However, Ali's Complaint provides no details as to how these defendants were involved in the conduct about which Ali complains.

As outlined in the Court's Memorandum of September 27, 2022 (ECF 4), liability under 42 U.S.C. § 1983 attaches only upon personal participation by a defendant in the alleged constitutional violation.  Ali has not provided allegations in either his Complaint or his Amended Complaint that Green or Hill were personally involved in the incidents that took place.  Nor has he alleged facts indicating supervisory liability.  Accordingly, Ali's claims against these defendants are also subject to dismissal.

However, a complaint drafted by a self-represented plaintiff is held to a less stringent standard than one drafted by an attorney.  A plaintiff who submits an inartfully pled complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants.  *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984).

Therefore,  Ali will be provided with an opportunity to file another amended complaint, due within 28 days of the date of this Order, to include the necessary allegations regarding his claims, as directed herein. In amending his suit, Ali should be mindful to name as defendants the

3

persons who were personally involved in the constitutional violations he alleges, provide details regarding how each of the defendants engaged in the complained of conduct, and detail what injury, if any, he suffered as a result.

Moreover, to comply with the Federal Rules of Civil Procedure, the suit must contain, at a minimum, a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief, *see* Fed. R. Civ. Proc. 8(a), and also the names of each defendant. *See* Fed. R. Civ. Proc. 10(a). Additionally, under Rule 8(a), a pleading must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

As a reminder, an amended complaint generally replaces the original complaint. The general rule is that "'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint)); *see Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021). Therefore, the amended complaint required by this Order must include allegations against each of the defendants, so that the amended complaint may stand alone as the sole complaint in this action, to which defendants must respond. Additionally, the amended complaint must meet the requirements

of this Order in order to avoid a dismissal with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Ali is forewarned that his right to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim while he is incarcerated. *See* 28 U.S.C. § 1915(g).

Also pending is Ali's "Motion to Withdraw Amended Complaint And Motion to Appoint Pro Bono Attorney to Case." ECF 10. Given the considerations outlined above, I will deny, as moot, Ali's "Motion to Withdraw Amended Complaint." Instead, Ali is directed to file an amended complaint, in compliance with this Memorandum and the attached Order. That filing will supersede any previously filed amended complaints and will serve as the operative pleading in this matter.

As to Ali's motion for appointment of pro bono counsel, a federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be exercised where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Ali provides no basis for his request, stating only that he would like an attorney "to assist the Plaintiff with this civil matter." ECF 10.

At this early stage of the case, there are no exceptional circumstances that warrant the appointment of counsel. Therefore, the motion for counsel shall be denied, without prejudice.

An Order follows.

Date: November 9, 2022

_____/s/_____

Ellen L. Hollander
United States District Judge